UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICHOLAS HACHENEY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MIKE OBENLAND,<br><br>　　　　　Respondent. | CASE NO. 3:15-CV-05492-RBL-DWC<br><br>ORDER DENYING MOTION TO COMPEL |

This is a federal habeas action filed pursuant to 28 U.S.C. § 2254. *See* Dkt. 1. Currently before the Court is Petitioner's Motion to Compel Production of Relevant Exhibits from the State Court Record ("Petitioner's Motion"). Dkt. 24. Respondent has filed a Response to Petitioner's Motion. Dkt. 29. Petitioner has not filed a reply.

**DISCUSSION**

Petitioner filed a habeas corpus petition challenging his conviction of first degree murder. Dkt. 1. Respondent filed his Answer and submitted the relevant state court record. Dkts. 20, 21. Petitioner then filed this Motion, seeking a court order directing Respondent to produce additional exhibits from the state court record. Dkt. 24. Petitioner seeks to compel the following trial exhibits: 9 (video tape of fire burn test); 12 (stipulation); 323 (state toxicology report); 470 (video of fire

- 1

testing); and 471A (photographs). *Id.* In addition, Petition seeks production of the electronic media submitted to the Washington Court of Appeals in support of his Personal Restraint Petition, the items submitted as Appendix D, which included video and photographs. *Id.*

Respondent has now submitted a supplemental state court record, which includes Exhibit 12 (stipulation) and Appendix D to Petitioner's Personal Restraint Petition. Dkts. 27, 28, 29. Exhibit 323 (state toxicology report) was already included in the state court record. *See* Dkt. 29; Dkt. 21, Exhibit 31 at Appendix B. In Response to Petitioner's Motion, Respondent argues the remaining documents (Exhibits 9, 470 and 471A) were not before the Washington Court of Appeals or the Washington Supreme Court on direct appeal or in the personal restraint proceedings, therefore, those documents are not relevant to this Petition. Dkt. 29 at 2-3 (*citing Cullen v. Pinholster,* 131 S.Ct. 1388, 1398 (2011)).

Rule 5 of the Rules Governing Section 2254 and 2255 Cases provides Respondent must attach to the answer including, parts of the transcript Respondent considers relevant, any brief submitted by Petitioner or the prosecution in an appellate court contesting the conviction or sentence, and opinions and dispositive orders of the appellate court relating to the conviction or sentence. Based on the supplemental exhibits provided by Respondent, Respondent has now provided the Court with all of the documents he considers relevant to this Petition in accordance with Rule 5.

Petitioner contends the remaining documents, Exhibits 9, 470, and 471A, are relevant because they relate to Petitioner's Sixth Amendment claims. However, Exhibits 9, 470, 471A were submitted to the trial court, but it appears they were not before the Washington Court of Appeals or Washington Supreme Court on direct appeal or in Petitioner's personal restraint proceedings. *See*

Dkt. 29. Thus, the Court finds Petitioner has not shown how these documents are relevant to this Petition.

The Court also notes although Rule 5 of the Rules Governing Section 2254 and 2255 Cases provides the Court may order the Respondent to provide the relevant state court record, the Supreme Court has held § 2254 limits the factual scope of review to the evidence that was before the state court at the time the state court adjudicated the merits of the claim. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011).

> Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.

*Id.* at 1398. "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 1400.

Accordingly, the Court denies Petitioner's Motion (Dkt. 24) without prejudice. In addition, based on the supplemental state court record filed by Respondent, *see* Dkts. 27, 28, Respondent may file a motion within seven (7) days of the entry of this order to supplement his Original Answer (Dkt. 20). If Respondent declines to file such a motion, this case will proceed on Respondent's Original Answer (Dkt. 20).

Dated this 31st day of March, 2016.

David W. Christel
United States Magistrate Judge